UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN E. CARTER, | ) |
|       Plaintiff, | ) |
| v. | )     No. 3:07-0597 |
| | )     Judge Bryant |
| LEON C. BURNS, JR., ET AL., | ) |
|       Defendants. | ) |

To: The Honorable Aleta A. Trauger, United States District Judge

**REPORT AND RECOMMENDATION**

For the reasons explained below, the undersigned **RECOMMENDS** that this action be **DISMISSED** for lack of standing/want of jurisdiction, and as both malicious and frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned further **RECOMMENDS** that any appeal **NOT** be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

**I. INTRODUCTION**

The district court dismissed this case on June 1, 2007 for want of jurisdiction under the *Rooker-Feldman* doctrine. (Docket Entry No. 3) The plaintiff's motion to reconsider was denied, and he appealed. (Docket Entry No. 5-6, 8)

On March 20, 2008, the Sixth Circuit affirmed the judgment of the district court in part, vacated it in part, and remanded the case for further proceedings. (Docket Entry No. 12) On remand, the Sixth Circuit instructed the district court to consider the plaintiff's challenge to the constitutionality of Tennessee statutes pertaining to post-conviction/collateral review.

This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Rule 72, Fed. R. Civ. P. "for reconsideration of the plaintiff's facial challenge to the constitutionality of the

referenced Tennessee Collateral review statutes over which the Sixth Circuit has held this court has jurisdiction." (Docket Entry No. 14) The undersigned interprets the Order of referral to require a full reassessment of the plaintiff's remaining constitutional challenge under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

## II. BACKGROUND

The plaintiff challenges the constitutionality of the following Tennessee statutes pertaining to state post-conviction/collateral review: Tenn. Code Ann. § 29-21-107 (*habeas corpus* procedures);[1] Tenn. Code Ann. § 40-26-105 (writ of error *coram nobis*); Tenn. Code Ann. § 40-30-107 (post-conviction procedures);[2] Tenn. Code Ann. § 40-30-117 (motions to reopen prior post-conviction proceedings). (Docket Entry No. 1, pp. 2, 32) According to the plaintiff, these statutes have barred him from pursuing late-rising constitutional challenges to his convictions in state court. (Docket Entry No. 1, pp. 1-2, 32)

The plaintiff was convicted in 1982 on two counts of first-degree murder under Tenn. Code Ann. § 39-2402. (Docket Entry No. 1, p. 5, ¶ 17) He was sentenced to two consecutive terms of life in prison. (Docket Entry No. 1, p. 5, ¶ 17) The plaintiff's case became final on direct review on July 2, 1990. (Docket Entry No. 1, p. 10, ¶ 23) His unsuccessful petition for state post-conviction relief also concluded on appeal as of right that same date.[3] (Docket Entry No. 1, p. 11, ¶ 25)

---

[1] Tenn. Code Ann. § 29-21-107 pertains only to the contents of the writ and procedures to file it. The undersigned liberally construes the complaint to include a challenge to state *habeas corpus* procedures generally.

[2] Tenn. Code Ann. § 40-30-107 pertains only to the preliminary Order entered by state courts if the petition is not dismissed following preliminary consideration. The undersigned liberally construes the complaint to include a challenge to the constitutionality of Tennessee's post-conviction procedures set forth in Tenn. Code Ann. § 40-30-102.

[3] The Court of Criminal Appeals' judgment on direct appeal was vacated and reentered on appeal from the judgment of the post-conviction court to permit the plaintiff to appeal to the Tennessee Supreme Court. *Carter v. State*, 1990 WL 9892 at * 1 (Tenn. Crim. App.).

The plaintiff asserts that, subsequent to direct appeal and disposition of his post-conviction review, the Tennessee Supreme Court clarified the "premeditation" and "deliberation" elements of Tenn. Code Ann. § 39-2402[4] in *State v. Brown*, 836 S.W.2d 530 (Tenn. 1992) (hereinafter "*Brown*"), holding in part that, without more, repeated blows or shots do not establish premeditation. (Docket Entry No. 1, p. 8, ¶ 20) The plaintiff avers that the Tennessee Supreme Court's decision in *Brown* was not available to him at the time of his direct appeal or post-conviction review. (Docket Entry No. 1, pp. 10-11, ¶¶ 23, 25)

According to the plaintiff, the Tennessee Supreme Court's decision in *Brown* did not constitute grounds for him to reopen his original post-conviction proceeding. (Docket Entry No. 1, pp. 11-12, ¶¶ 26-27) Therefore, he filed in the White County Criminal Court a document that he describes as an "Untitled Motion/Petition." (Docket Entry No. 1, pp. 12-13, ¶ 28)

The plaintiff avers that the White County Criminal Court dismissed the motion "without explanation." (Docket Entry No. 1, p. 13, ¶ 29) According to the plaintiff, he appealed but the Court of Criminal Appeals concluded that *Brown* was decided "well after [his] convictions became final," found that his claims were time barred, and denied his motion for a rehearing. (Docket Entry No. 1, p. 14, ¶¶ 30-31) The Court of Criminal Appeals affirmed the judgment of the White County Criminal Court, and the Tennessee Supreme Court denied his application for permission to appeal. (Docket Entry No. 1, p. 14, ¶¶ 31-33)

The plaintiff claims that he filed a second "Untitled Motion/Petition," this time in the Johnson County Criminal Court. (Docket Entry No. 1, pp. 16-17, ¶ 34) According to the plaintiff, the Johnson County Criminal Court dismissed the action, reasoning that "federal constitutional

---

[4] Tenn. Code Ann. § 39-2402 was Tennessee's first-degree murder statute in effect at the time of the murders.

claims we[re] not cognizable as a ground for relief under Tennessee's law of habeas corpus in Tenn Code. Ann. §§ 29-21-107(b)(2), (3), (4)." (Docket Entry No. 1, pp. 16-17, ¶ 35) The plaintiff asserts that the Court of Criminal Appeals affirmed the judgment of the Johnson County Criminal Court for the same reasons. (Docket Entry No. 1, pp. 17-18, ¶¶ 36-38) Again, the Tennessee Supreme Court denied the plaintiff's application for permission to appeal. (Docket Entry No. 1, p. 18, ¶ 39)

The crux of the plaintiff's constitutional challenge to the statutes at issue is that, "[s]ince the *clarification* of § 39-2402 in *Brown*, no Tennessee court has reviewed the legitimacy of [his] convictions." (Docket Entry No. 1, p. 9, ¶ 21) According to the plaintiff, the inability to challenge his conviction in state court post-*Brown* has resulted in the continued imprisonment of someone who is "factually innocent," and has violated his rights under the First, Eighth, and Fourteenth Amendments. (Docket Entry No. 1, pp. 8-9, ¶ 20)

### III. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on

4

which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

### A. Plaintiff's Standing to Challenge the Statutes at Issue

The threshold requirement in any federal civil action is a "case" or "controversy," as defined in Article III § 2 of the U.S. Constitution, brought by a plaintiff who has "standing" to raise the issue. To satisfy the requirement for standing under Article III, § 2, the plaintiff must show that: 1) he suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; 2) the injury is fairly traceable to the challenged action of the defendants; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)(citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[T]he 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions.'" *Massachusetts v. E.P.A.*, __ U.S. __, 127 S.Ct. 1438, 1453 (2007)(quoting

5

*Baker v. Carr*, 369 U.S. 186, 204 (1962)). "[T]he doctrine of standing presents an insuperable jurisdictional obstacle." *Massachusetts*, 127 S.Ct. at 1453.

As previously noted, *supra* at p. 4, the plaintiff alleges that, "[s]ince the *clarification* of § 39-2402 in *Brown*, **no Tennessee court** has reviewed the legitimacy of [his] convictions." (emphasis added) The alleged "injury in fact" here is that Tennessee's post-conviction/collateral relief statutes have barred the plaintiff from challenging his conviction post-*Brown*. To establish standing on the grounds alleged, the plaintiff must make a threshold showing that the statutes at issue have, in fact, prevented him from challenging his conviction in a post-conviction/collateral review proceeding based on the Tennessee Supreme Court's "clarification" in *Brown*.

In his complaint, the plaintiff refers the Court to *Carter v. State*, M2004-03073-CCA-R3-CO, 2006 WL 119673 (Tenn. Crim. App.). (Docket Entry No. 1, p. 12, ¶ 28) In that 2006 opinion, the Court of Criminal Appeals refers to *Carter v. Carlton*, No. E2000-00406-CCA-R3-PC, 2001 WL 170878 at * 1 (Tenn. Crim. App.), writing:

> Finally, the petitioner argues that he is entitled to a new trial because the Tennessee Supreme Court clarified the law regarding the elements of first-degree murder in *State v. Brown*, 836 S.W.2d 530 (Tenn. 1992). ***This issue was previously addressed in the petitioner's post-conviction proceeding. See John E. Carter v. Howard Carlton, 2001 WL 170878 at * 3.***

*Carter*, 2006 WL at * 4 (italics in original)(emphasis added). Although the 2006 opinion refers to the 2001 opinion as pertaining to the plaintiff's post-conviction review, the 2001 opinion actually pertained to a state *habeas corpus* proceeding.

In the 2001 opinion, the Court of Criminal Appeals described the issue raised by the plaintiff on collateral review as follows:

6

> The petitioner claims that the indictment failed to give him adequate notice of the charges and that ***the relevant criminal statute was unconstitutionally vague because the courts at the time did not properly distinguish between the elements of premeditation and deliberation***. A claim relating to the deficiency of the charge, if true, would deprive the trial court of jurisdiction over the petitioner, and therefore, would be a proper issue for habeas corpus litigation.

*Id*. at * 1 (emphasis added). In deciding this issue on the merits, the Court of Criminal Appeals wrote:

> This leads us to the third component of Carter's notice issue, that the case law lacked clear definitions of premeditation and deliberation. ***It is true, as the petitioner alleges, that historically the case law has not been uniform in its treatment of the definitions of premeditation and deliberation. See e.g., State v. Brown, 836 S.W.2d 530, 540-43 (Tenn. 1992)***(discussing various approaches to analysis [sic] of premeditation and deliberation). ***Although the supreme court has since addressed the ambiguity by clarifying the distinction between the two elements, see generally id. at [sic] 543, we have held time and again that the former ambiguity failed to rise to the level of depriving defendants of their constitutional rights.*** In fact, we have consistently held just the opposite. Without some indication that any ambiguous judicial interpretations of the terms premeditation and deliberation were so serious as to implicate constitutional concerns, ***we do not conclude that an individual convicted of first degree murder pre-Brown is laboring under a void conviction.***

*Id*. at * 3 (some internal citations omitted)(emphasis added). Notwithstanding his claim to the contrary, it is clear from the foregoing that the plaintiff's challenge to his convictions under *Brown* has, in fact, been addressed in a state collateral review proceeding. Given that his claim under *Brown* has been addressed on collateral review, the plaintiff cannot demonstrate an "injury in fact"

7

based on his claim that "no Tennessee court has reviewed the legitimacy of [his] convictions" since *Brown* was decided.

Because the plaintiff lacks standing to challenge the statutes at issue, the complaint is subject to dismissal for want of jurisdiction. On the other hand, were it determined that the plaintiff had standing to challenge the constitutionality of the statutes at issue, because the plaintiff has lied to the Court, his complaint is subject to dismissal as malicious.

### B. Statute of Limitations

Federal courts apply the state personal injury statute of limitations in § 1983 actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)(superseded by statute on other grounds as recognized in *Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 379-80 (2004)). The statute of limitations for personal injury arising in Tennessee is one year. Tenn. Code Ann. § 28-3-104(a)(3); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Dellis v. Corrs. Corp. Of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Although the duration of the statute of limitations is governed by state law, federal standards govern when the statute begins to run. *See Wilson*, 471 U.S. at 267; *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1986). The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003); *see also Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Roberson*, 399 F.3d at 794. This inquiry is objective and the court looks "to what event should have alerted the typical lay person to protect his or her rights." *Hughes v. Vanderbilt University*, 215 F.3d 543, 548 (6th Cir. 2000).

In the complaint, the plaintiff asserts that he filed an "Untitled Motion/Petition" in the White

8

County Criminal Court. (Docket Entry No. 1, pp. 12-13, ¶¶ 28-29) The text of the motion quoted in the complaint includes the following "independent" claim for relief:

> If Tennessee law does not provide an adequate corrective process . . . [then] Petitioner presents this 'Untitled Motion/Petition' as an independent action asserting the denial of his federal constitutional guarantees. U.S. Const. Amend. 5, 6, 8 & 14; U.S.Const. Art. I, § 9, cl.2.

(Docket Entry No. 1, p. 13, ¶ 28) It is clear from the statement above that the plaintiff was aware of the federal dimension of the claim presently before the district court at the time he filed the motion in the White County Criminal Court. The question is, When did he file that motion?

The plaintiff refers the Court to *Carter*, 2006 WL 119673, *supra* at p. 6, in connection with the motion that he filed in the White County Criminal Court. (Docket Entry No. 1, p. 12, ¶ 28) Review of this 2006 opinion shows that the Court of Criminal Appeals identified three separate "petitions" for writs of error *coram nobis* before it on consolidated appeal, each petition having a different filing date – July 23, 2002, March 1, 2004, and December 6, 2004. *Id.* at *1.

Given that the 2006 opinion is the one to which the plaintiff refers in connection with the motion that he filed in the White County Criminal Court, then one of the three filing dates identified by the Court of Criminal Appeals must be the date that the plaintiff filed the motion in question. Since it cannot be determined which of the three dates pertains, the undersigned assumes that it was the motion filed latest in time, *i.e.*, the one filed on December 6, 2004.

The plaintiff did not "file" this action until May 19, 2007.[5] Giving the plaintiff the benefit of the doubt that he filed the motion as late as December 6, 2004, he brought this action nearly one

---

[5] The envelope in which the plaintiff originally mailed his complaint to the district court is stamped as having been received in the prison mailroom on May 19, 2007. This is the date that the plaintiff is deemed to have filed his complaint. *See Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002).

9

and one-half years after the one-year statute of limitations had run. The next question is whether this action is barred by the statute of limitations.

The statute of limitations may, of course, be tolled in actions alleging civil rights violations. *See Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). The Supreme Court also has recognized the doctrine of equitable tolling in civil rights cases, holding that statutory filing deadlines "should not be construed to erect a jurisdictional prerequisite to suit in the district court." *Zipes v. Transworld Airlines, Inc.*, 455 U.S. 385, 397 (1982). Rather, the statutory filing deadlines are more analogous to a limitations statute, "subject to waiver as well as tolling when equity so requires . . . ." *Id.* at 398.

Although the statute of limitations is subject to equitable tolling, the plaintiff does not assert, nor can it be liberally construed from the complaint, that the statute of limitations should be tolled in this case for reasons of equity, or otherwise. Accordingly, the undersigned concludes that equitable tolling is not warranted.

Because the plaintiff filed his complaint challenging the constitutionality of the statutes at issue beyond the one-year statute of limitations, his complaint is subject to dismissal for frivolity. *Dellis*, 257 F.3d at 511 (claims filed beyond the statute of limitations are subject to dismissal as frivolous).

### C. Plaintiff's Challenge to the Constitutionality of Tennessee's Post-Conviction/Collateral Review Statutes

As previously established, *supra* at p. 4, the thrust of the plaintiff's complaint is that Tennessee's post-conviction/collateral review statutes have barred him from challenging his convictions in state court post-*Brown*. The fact is, however, the plaintiff has no constitutional right to post-conviction/collateral review. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 4002-403 (2001)(citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)); *see also Jergens v.*

10

*Brigano*, No. 98-3962, 1999 WL 1204804 (6th Cir. (Ohio))("[T]here is no constitutional right to any state post-conviction process at all . . . ."). More particularly, the plaintiff cannot support a claim that Tennessee's post-conviction/collateral review statutes violate his constitutional rights where no right to post-conviction/collateral review exists in the first place.

The plaintiff refers to himself repeatedly as "factually innocent," or "actually innocent," arguing at length that his alleged innocence gives him a constitutional right to challenge his conviction under *Brown* in a state post-conviction/collateral review proceeding. (Docket Entry No. 1, pp. 18-32, ¶¶ 40-55) As a matter of clarification, actual or factual innocence means that the plaintiff did not commit the crime. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). The plaintiff does not allege, nor can it be liberally construed from the complaint, that he did not commit the double-murder of which he was convicted. On the contrary, the plaintiff's complaint is premised solely on technical/legal innocence, *i.e.*, that the proof at trial to establish premeditation was inconsistent with the Tennessee Supreme Court's later "clarification" in *Brown*. None of the cases to which the plaintiff cites in support of his argument, analyzed below,[6] establishes that he has a

---

[6] *Bousley* 523 U.S. at 614 (actual innocence at issue, not legal innocence); *Fiore v. White*, 531 U.S. 225 (2001)(innocence not an issue); *Gonzalez v. Crosby*, 545 U.S. 524 (2005)(dicta pertaining to actual innocence under 28 U.S.C. § 2244(b)(2)); *Bunkley v. Florida,* 538 U.S. 835 (2003)(actual change in the law at issue, not a "mere clarification" as was the case under *Brown*); *Jackson v. Virginia*, 443 U.S. 307 (1979)(due process and adequacy of evidence at trial); *In re Winship*, 397 U.S. 358 (1970)(decided on direct review not collateral review); *Herrera v. Collins*, 506 U.S. 390 (1993)(actual innocence is the gateway through which federal *habeas* petitioner must pass to excuse procedural default); *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005)(actual innocence is gateway through which federal *habeas* petitioner must pass to excuse procedural default); *Schlup v. Delo*, 513 U.S. 298 (1995)(a showing of "actual innocence" is required to avoid procedural bar); *Linda R. S. v. Richard D*., 410 U.S. 614 (1973)(Texas child support case inapplicable to this action); *Commonwealth of Massachusetts v. Mellon*, 262 U.S. 447 (1923)(state rights actions dismissed for want of jurisdiction); *Bailey & Robinson v. United States*, 516 U.S. 137 (1995)(criminal action on direct appeal, not collateral review); *Triestman v. United States*, 124 F.3d 361 (2nd Cir. 1997)(denying second/successive motion under § 2255, the required showing being "actual innocence" rather than "legal innocence," and holding that *Bailey & Robinson v. United States* did not establish a new constitutional right); *In re Dorsainvil*, 119 F.3d 245 (3rd Cir. 1997)(a prisoner may seek *habeas* relief under 28 U.S.C. § 2241 where there has been an intervening change in the substantive law); *Wyzykowski v. Department of Corrections*, 226 F.3d 1213 (11th Cir. 2000)(showing of "actual innocence" is ground to excuse an untimely petition); *Miller v. Marr*, 141 F.3d 976 (10th Cir. 1998)(innocence not an issue in determining that the AEDPA's one-year limitations period not unconstitutional); *Holloway v. Jones*, 116 F.Supp.

11

constitutional right to challenge his convictions under *Brown* in a state post-conviction/collateral review proceeding based on a claim of legal or technical innocence. Nor has the undersigned's research uncovered any such law.

For the reasons explained above, the plaintiff's claim that Tennessee's statutes governing post-conviction/collateral review violate his constitutional rights lacks an arguable basis in law or fact. Accordingly, the plaintiff's constitutional challenge to the statutes at issue is subject to dismissal as frivolous for this reason as well.

### D. The Named Defendants

Finally, the defendants to this action are state criminal court judges, judges of the Court of Criminal Appeals, and justices of the Tennessee Supreme Court. The plaintiff identifies all but Judge Thomas T. Woodall in the statement of the facts. As to those judges and justices whose actions are described in the complaint, the plaintiff's only apparent allegation is that, acting within the scope of their judicial responsibilities, they enforced facially constitutional statutes duly enacted by the Tennessee legislature.

---

2d 1185 (E.D. Mich. 2001)(no grounds to excuse procedural default where there was no showing of "actual innocence"); *McFarland v. Scott*, 512 U.S. 849 (1994)(claim of innocence not an issue); *Barefoot v. Estelle*, 463 U.S. 880 (1983)(pre-AEDPA case overruled by 28 U.S.C. § 2253(c)(2)); *Daniels*, 474 U.S. at 327 (dicta in § 1983 case inapplicable to this action); *Washington v. Glucksberg*, 521 U.S. 702 (1997)(dicta in assisted suicide case inapplicable to this action); *Hurtado v. California*, 110 U.S. 516 (1884)(pre-AEDPA case inapplicable to this case); *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)(§ 1983 case inapplicable to this action); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)(employment discrimination case inapplicable to this action); *Michael v. Louisiana*, 350 U.S. 91 (1955)(direct appeal pertaining to criminal defendant's rights at trial); *Ake v. Oklahoma*, 470 U.S. 68 ( 1985)(direct appeal pertaining to a criminal defendant's rights at trial); *Matthews v. Eldridge*, 424 U.S. 319 (1976)(social security case inapplicable to this action); *Slate v. State*, 1994 WL 149170 (Tenn. Crim. App.)(affirming post-conviction court's decision not to grant relief under *Brown*); *Jackson v. State*, 1995 WL 747843 (Tenn. Crim. App.)(affirming post-conviction court decision not to grant relief under *Brown*); *Van Tran v. State*, 66 S.W.3d 790 (Tenn. 2001)(bar to execution of the mentally ill is a new constitutional ruling warranting retroactive application on collateral review); *In re Adoption of E.N.R.*, 42 S.W.3d 26 (Tenn. 2001)(family law case inapplicable to this action); *Veach v. State*, 491 S.W.2d 81 (Tenn. 1973)(dicta in DUI case inapplicable to this action); *State v. Taylor*, 992 S.W.2d 941 (Tenn. 1999)(dicta on direct appeal of community corrections case unrelated to this case); *State v. Carter*, 988 S.W.2d 145 (Tenn. 1999)(dicta in criminal case on direct appeal where outdated jury forms were used at trial); *State v. Ratliff*, 71 S.W.3d 291 (Tenn. Crim. App. 2001)(case on direct appeal in criminal case where a petition for a writ of error *coram nobis* was filed prior to filing a direct appeal).

12

Although state court judges are not immune from suit where, as here, only declaratory relief is sought, *see Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984); *Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984), to be successful in this § 1983 action, the plaintiff still must establish that the defendants acted knowingly or intentionally to violate his constitutional rights. *Ahlers v. Schebil*, 188 F.3d 365, 373 (6th Cir. 1999)(citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). The plaintiff does not allege, nor can it be liberally construed from the complaint, that the defendants acted knowingly or intentionally to violate his rights under the Constitution or laws of the Untied States. Nor can such an inference be drawn from the fact that the only acts attributed to the defendants are that they upheld the laws of the State of Tennessee. Accordingly, the plaintiff has failed to satisfy the first part of the two-part test under *Parratt*, *supra* at p. 4.

As reasoned above, the plaintiff's claims against the named defendants to this action lack an arguable basis in law or fact. Accordingly, this action is, once again, subject to dismissal as frivolous.

## IV. CONCLUSION

For the reasons explained above, the undersigned **RECOMMENDS** that this action be **DISMISSED** for lack of standing/want of jurisdiction, and as both malicious and frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned further **RECOMMENDS** that any appeal **NOT** be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation (R&R) within which to file with the district court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have ten (10) days from receipt of any objections filed regarding this R&R within which to file

13

a response to said objections. Failure to file specific objections within the time frames specified may constitute a waiver of further appeal of this R&R. *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

      **ENTERED** this the 8th day of July, 2008.

                                                            s/ John S. Bryant
                                                            John S. Bryant
                                                           United States District Judge