UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN E. CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-0597 |
| | ) | Judge Trauger |
| LEON C. BURNS, JR., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM and ORDER**

Presently pending before the court is the Magistrate Judge's Report and Recommendation (R&R) entered July 8, 2008 (Docket Entry No. 17), to which the plaintiff has filed timely objections (Docket Entry No. 20).

**I. STANDARD OF REVIEW**

Under Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1), the court is required to make a *de novo* determination of the Magistrate Judge's recommendations to which objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the Magistrate Judge with instructions.

**II. ANALYSIS**

**A. The Magistrate Judge's Recommendations**

The Magistrate Judge has recommended that this action be dismissed for lack of standing/ want of jurisdiction, and for maliciousness and frivolity under 28 U.S.C. §§ 1915(e)(2)(B(i) and 1915A(b)(1). The Magistrate Judge has further recommended that any appeal not be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

**B. Plaintiff's Objections to the R&R**

**1.** The plaintiff argues that the Magistrate Judge erred in conducting a "new full screening" of

his complaint pursuant to §§ 1915(e)(2) and 1915A on remand, because "[i]t [wa]s not clear from the District Court's Order of referral, or the Sixth Circuit's instructions on remand, that the magistrate judge was to conduct a new full screening of the Plaintiff's complaint . . . ." (Docket Entry No. 20, ¶ II.A, p. 2)

The Magistrate Judge properly conducted a "full reassessment" of the plaintiff's complaint under §§ 1915(e)(2) and 1915A, because both statutes are applicable "at any time" during a proceeding. *See* 28 U.S.C. § 1915(e)(2); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)(the provisions of § 1915(e)(2) are applicable at "any time"); *Mcgore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)(the provisions of §§ 1915(e)(2) and 1915A are "essentially identical"). A "full reassessment" also was warranted given that the complaint was originally dismissed under the *Rooker-Feldman* doctrine without benefit of review beyond that stated ground for dismissal.

**2.** The plaintiff argues that "the magistrate judge based his entire report and recommendations upon an erroneous interpretation of Plaintiff's complaint." (Docket Entry No. 20, ¶ II.B, pp. 2-4) The court finds that the Magistrate Judge did not misinterpret the complaint.

**3.** The plaintiff argues that the Magistrate Judge erred in determining that the plaintiff did not have standing to challenge the Tennessee statutes at issue. (Docket Entry No. 20, ¶ III.C, pp. 4-12) The court has reviewed the record, including the R&R (Docket Entry No. 17, ¶ A, pp. 5-8) and the plaintiff's objections, and finds that the Magistrate Judge correctly concluded that the plaintiff does not have standing to bring this action for the reasons stated in the R&R. The plaintiff's attempt to parse his words in an attempt to portray the state proceeding in which his *Brown* claim was addressed by the Tennessee state courts (Docket Entry No. 17, ¶ A, pp. 6-7) as having not considered his *Brown* claim is unpersuasive.

**4.** The plaintiff argues that the Magistrate Judge erred in recommending that this action be

2

dismissed as malicious because he lied to the court. (Docket Entry No. 20, ¶ III.D, pp. 12-13) The court has reviewed record, including the R&R (Docket Entry No. 17, ¶ A, pp. 5-8) and the plaintiff's objections.

The court finds that the Magistrate Judge did not err in concluding that the plaintiff has previously raised his *Brown* claim in a state collateral proceeding. (Docket Entry No. 17, ¶ A, pp. 7-8) The Magistrate Judge's statement pertaining to the malicious nature of this claim (Docket Entry No. 17, ¶ A, p. 8) is modified as follows: "The plaintiff's complaint also is subject to dismissal as malicious because the plaintiff lied when he represented to the court that he has not been permitted to raise his claim under *Brown* in the Tennessee courts on collateral review."[1]

**5.** The plaintiff argues that the Magistrate Judge erred in concluding that this action should be dismissed for frivolity because it was brought beyond the one-year statute of limitations applicable to actions brought in Tennessee under 42 U.S.C. § 1983. (Docket Entry No. 20, ¶ III.E, pp. 13-20) The plaintiff objects to the Magistrate Judge having *sua sponte* raised the statute of limitations.

The Magistrate Judge did not err in raising the statute of limitations *sua sponte* under §§ 1915(e)(2) and 1915A, *see Watson v. Wayne County*, 90 Fed.Appx. 814 (6th Cir. 2004)(citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2nd Cir. 1995)); he did not err in recommending that the complaint be dismissed as frivolous because it was brought beyond the statute of limitations, *see Dellis v. Corrections Corporation of America*, 257 F.3d 508, 511 (6th Cir. 2001); and he did not err in concluding that equitable tolling should not be applied. (Docket Entry No. 17, ¶ B, pp. 8-10) The plaintiff's efforts to show that his complaint was timely based on the *Younger* abstention doctrine, the alleged need to exhaust his *Brown* claim in state court, and the continuing violation doctrine are, unavailing.

---

[1] This modification replaces the last sentence in the first complete paragraph on p. 8 in the R&R.

**6.** The plaintiff argues that the Magistrate Judge erred in concluding that he has no constitutional right to post-conviction/collateral review. (Docket Entry No. 20, ¶ III.F, pp. 20-26) The court has reviewed the record, including the R&R (Docket Entry No. 17, ¶ C, pp. 10-12) and the plaintiff's objections, and finds that the Magistrate Judge did not err in concluding that the Tennessee statutes at issue do not violate his constitutional rights for the reasons stated in the R&R.

**7.** The plaintiff argues that the Magistrate Judge's treatment of his complaint is premised "solely" on the issue of technical/legal innocence. (Docket Entry No. 20, ¶ III.G, pp. 27-29) The plaintiff argues that his "complaint **IS NOT** premised on innocence . . . ." (emphasis in the original)

The R&R shows that the Magistrate Judge liberally construed the complaint to include a claim of innocence as grounds for establishing that he has right to raise his *Brown* claim on collateral review. (Docket Entry No. 17, ¶ C, pp. 11-12) Based on the language in the complaint, the Magistrate Judge's did not err in doing so.

The court has reviewed the R&R (Docket Entry No. 17, ¶ C, pp. 10-12), and finds that the Magistrate's recommendation in this matter was not based "solely" whether the plaintiff claimed to be innocent. The Magistrate Judge's discussion pertaining to innocence was only to the extent that the complaint could be liberally construed to include such a claim and, to the extent that it could, a claim of technical/legal innocence was insufficient to cerate a constitutional right to permit the plaintiff to raise his *Brown* claim on collateral review.

The court also finds that the Magistrate Judge's distinction between factual/actual and legal/technical innocence, and the relevance of that distinction to the plaintiff's complaint, is correct. Specifically, the plaintiff's argument that the Tennessee Supreme Court's clarification of "premeditation" and "deliberation" in *Brown* does not constitute actual/factual innocence, *i.e.*, that he did not kill the victims. *See e.g., Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Murray v. Carrier*,

4

477 U.S. 478, 488 (1986)(both cases clarifying the meaning "actual innocence" in the context of collateral proceedings). Absent a showing of "actual innocence," the plaintiff does not have a constitutional right to raise his *Brown* claim in a collateral proceeding.

**8.** The plaintiff argues that the Magistrate Judge erred in concluding that none of the cases cited by the plaintiff establishes that he has a constitutional right to challenge his convictions under *Brown* in a state post-conviction/collateral review proceeding. (Docket Entry No. 20, ¶ III.H, p. 29) The court has reviewed the cases at issue (Docket Entry No. 17, ¶ C, pp. 11-12 n. 6), and finds that the Magistrate Judge did not err in his conclusion that the cases cited do not establish a right to post-conviction/collateral review based on the plaintiff's claim of legal/technical innocence. The cases cited that pertain to collateral review all require a showing of actual/factual innocence.

**9.** The plaintiff argues finally that the Magistrate Judge erred in determining that his claims against the named defendants to this action are frivolous. (Docket Entry No. 20, ¶ III.I, pp. 30-31) The plaintiff also argues that the claims against the named defendants should be liberally construed as claims against the State of Tennessee.

The defendants to this action, all sitting or former justices or judges, are named as defendants in their official capacities only. Although the Magistrate Judge did not say so specifically (Docket Entry No. 17, ¶ D, pp. 12-13), when a § 1983 plaintiff sues a state actor in their official capacity, the suit actually is against the political entity responsible for the actions of the named defendant. Thus, when the plaintiff sued the named defendants in this action in their official capacities, he actually was suing the State of Tennessee.

As the Magistrate Judge correctly concluded, to be entitled to declaratory relief in this action, the plaintiff must show that the named defendants acted knowingly or intentionally to violate the plaintiff's rights. The plaintiff's only allegation against the named defendants is that they acted

5

within the scope of their judicial capacity. This is the only claim that can be imputed to the State.

Inasmuch as an allegation that the named defendants acted solely within the scope of their judicial capacity would not give rise to a claim under § 1983 against those defendants, neither will such an allegation give rise to a claim under § 1983 against the State of Tennessee. Accordingly, the Magistrate Judge was correct in concluding that the plaintiff's claims against the defendants lacked an arguable basis in law or fact and, as such, should be dismissed as frivolous.

### III. CONCLUSION

After reviewing the record, including the R&R and the plaintiff's objections in response thereto, the court is of the opinion that the Magistrate Judge's conclusions and recommendations are correct. Accordingly the R&R is **ACCEPTED** as modified herein, and **ADOPTED** as the findings of fact and conclusions of law of this court. For the reasons expressed therein, and in this opinion, the plaintiff's complaint is **DISMISSED** with prejudice.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge

6